# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| WESLEY WHITLEY, | : |
| Plaintiff | : |
| | : Case No.: 3:05-cv-82 (CAR) |
| v. | : |
| COMCAST OF GEORGIA, INC., | : |
| Defendant. | : |

## *ORDER ON MOTION TO FILE THIRD PARTY COMPLAINT; MOTION TO COMPEL A PHYSICAL EXAMINATION; AND MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY*

Before the Court are three motions filed by Defendants: (1) a Motion to File a Third-Party Complaint [Doc. 17]; (2) a Motion to Compel a Physical Examination of Plaintiff [Doc. 18]; and (3) a Motion for Extension of Time to Complete Discovery [Doc. 20]. Having considered the briefs and the applicable law, the Court concludes that Defendant's Motion to File a Third-Party Complaint and Motion to Compel a Physical Examination are **GRANTED**. Defendant's Motion For Extension of Time to Complete Discovery is **GRANTED IN PART and DENIED IN PART**.

### *BACKGROUND*

This case involves a negligence claim brought by Plaintiff, Wesley Whitley, against Defendant, Comcast of Georgia, Inc. ("Comcast"). Plaintiff alleges that he was injured when a concrete truck hit a Comcast-owned cable line, severing the line from its supporting equipment and causing the line to hit the hood of his vehicle, on which he was performing repair work. When the cable line hit the hood of Plaintiff's vehicle, the hood slammed down on the back of

1

his head, injuring his back, neck, and head. Plaintiff further alleges that Defendant was negligent in installing, inspecting, and maintaining the cable line. Specifically, Plaintiff alleges that the cable line was installed and maintained below the minimum height required by the National Electric Safety Code and Georgia law.

During the course of discovery, Defendant learned that one of its sub-contractors, FICOA Communication, Inc. ("FICOA"), may have installed the particular cable line involved in the accident. Defendant then filed the present Motion to File a Third-Party Complaint. Along with this motion, Defendant filed two additional motions: a Motion to Compel a Physical Examination of Plaintiff and a Motion for Extension of Time to Complete Discovery. The Court will now address these three motions.

*DISCUSSION*

1.  **Motion to File a Third-Party Complaint**

Defendant's first motion seeks leave to file a third-party complaint against FICOA. Rule 14 of the Federal Rules of Civil Procedure governs the impleading of third parties. Rule 14(a) permits a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to [him] for all or part of the plaintiff's claim against [him]." The primary purpose of the rule is to "promote judicial efficiency by eliminating circuity of actions." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1442 (2006). Thus, a timely motion to implead a non-party should be "freely granted in the interest of judicial economy." M.O.C.H.A. Soc'y, Inc. v. City of Buffalo, 272 F. Supp. 2d 217, 220 (W.D.N.Y. 2003). However, against the benefits of freely allowing leave to implead, courts must weigh the following four factors: (1) whether the defendant deliberately delayed the filing of the motion; (2) whether impleading

2

would prejudice the plaintiff; (3) whether impleading a new party would unduly complicate the trial; and (4) whether the claim against the third-party defendant is meritorious. M.O.C.H.A., 272 F. Supp. 2d at 220; Crude Crew v. McGinnis & Assocs., 572 F. Supp. 103, 109 (E.D. Wisc. 1983).

In this case, Defendant's claims against FICOA are based on theories of indemnification and contribution. Defendant contends that its contract with FICOA contains an indemnification clause, under which FICOA may be required to indemnify Defendant for some or all of the amount Defendant is ordered to pay Plaintiff as a result of this lawsuit. Because Defendant's claims against FICOA suggest that FICOA may be found liable to Defendant for all or part of Plaintiff's claims, impleader under Rule 14(a) is appropriate in this case. Furthermore, because Defendant's claims against FICOA arise out of the same series of events, allowing Defendant to implead FICOA would aid in judicial economy.

Plaintiff argues that impleader is inappropriate because it would prejudice him and unduly complicate the trial of this case. Specifically, Plaintiff argues that allowing Defendant to implead FICOA would result in duplication of discovery, which in turn would unduly delay the resolution of his claims. Plaintiff also argues that, because Defendant's claims against FICOA are based on theories of indemnification and contribution, they involve "totally different principles of law" and are therefore likely to confuse the jury. Having considered Plaintiff's arguments and the contract between Defendant and FICOA, it is evident that Defendant's claims against FICOA are typical indemnification and contribution claims. Any additional burden that would arise from allowing Defendant to implead FICOA would not exceed what would normally arise when a party is impleaded under theories of indemnification or contribution.

Consequently, Defendant's Motion to File a Third-Party Complaint is **GRANTED**.

    2.    **Motion to Compel a Physical Examination**

Defendant also moves the Court to compel a physical examination of Plaintiff. Rule 35 of the Federal Rules of Civil Procedure permits the physical examination of a party when the party places his physical condition "in controversy" and upon "good cause shown." In the leading case on Rule 35, the Supreme Court emphasized that the "in controversy" and "good cause" requirements are not simple formalities. See Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Rather, they require an affirmative showing by the movant that the "physical condition is 'really and genuinely' in controversy and that good cause exists for each particular examination." Ali v. Wang Labs., Inc., 162 F.R.D. 165, 167 (M.D. Fla. 1995). The Court must make a "discriminating application" in deciding whether the "in controversy" and "good cause" requirements are met. Id. at 167-68. "Put another way, it is not enough that the elements of a claim or defense could be better proved by evidence of a party's physical ... condition." Bennett v. White Labs., Inc., 841 F. Supp. 1155, 1157 (M.D. Fla. 1993) (internal quotation marks omitted). Thus, a Rule 35 motion may be denied even where the good cause and in controversy prongs are satisfied. Curtis v. Express, Inc., 868 F. Supp. 467, 468 (N.D.N.Y. 1994)

    a.    **Timeliness of the Motion**

As a threshold matter, the Court will consider the timeliness of Defendant's motion. Plaintiff argues that Defendant's motion is untimely because it was filed exactly one month after the deadline for completion of the IME set forth in the scheduling and discovery order. Though the untimeliness of a Rule 35 motion sometimes weighs in favor of its denial, "[t]he timing of the motion alone should not defeat it, if it is otherwise properly brought and if the interests of the

Plaintiffs can be protected adequately." Compare Miksis v. Howard, 106 F.3d 754, 759 (7th Cir. 1997) and Shumaker v. West, 196 F.R.D. 454, 457 (S.D. W. Va. 2000) with Bennett, 841 F. Supp. at 1157. In this case, Plaintiff's interests in a speedy resolution of this case will not be prejudiced by the granting of this motion. As of yet, a date for trial has not been set, and (as discussed below) the discovery deadline will be extended to accommodate the impleading of FICOA. Therefore, granting Defendant's Rule 35 Motion will not result in any additional delay in the resolution of this case.

      **b.**    **Merits of the Motion**

Plaintiff's physical condition is unquestionably in controversy in this case. Plaintiff's complaint alleges that he suffered injuries to his back, neck, and head as a result of Defendant's alleged negligence. See 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2234.1 (noting that in some situations, the pleadings alone will be sufficient to place a plaintiff's physical condition in controversy) (citing Schlagenhauf v. Holder, 379 U.S. 104 (1964)). Thus, the outcome of the present motion turns on whether Defendant has demonstrated the existence of good cause.

Good cause for ordering a physical examination exists when the examination would allow the defendant's expert an opportunity to determine the cause and extent of the plaintiff's alleged physical injuries. O'Sullivan v. Rivera, 229 F.R.D. 184, 186 (D.N.M. 2004). In this case, the Plaintiff alleges that his injuries have permanently precluded him from performing physical labor and have impaired his ability to engage in certain activities. Though Plaintiff's treating physician has provided an opinion consistent with Plaintiff's allegations, allowing Defendant's expert to conduct a physical examination of Plaintiff would provide independent

verification of the extent of Plaintiff's injuries. Thus, good cause exists for allowing Defendant's expert to conduct a physical examination of Plaintiff.

Plaintiff argues that an IME is unnecessary because Defendant has obtained sufficient information about the extent of his injuries from his medical records and the deposition of his treating physician. Typically, the fact that the defendant has access to the plaintiff's medical records and an opportunity to depose his or her treating physician does not preclude the court from allowing a defendant to conduct an independent medical examination. O'Sullivan, 229 F.R.D. at 186; Bennett, 841 F. Supp. at 1157. But see Shumaker, 196 F.R.D. at 457 (denying defendant's Rule 35 motion for lack of good cause where the defendant had access to ample information relating to the plaintiff's medical condition, including psychological tests and other information). Courts have reasoned that IMEs are often necessary, even when the plaintiff's medical records are available, because "there are few, if any, acceptable substitutes for a personal physical examination." Bennett, 841 F. Supp. at 1157. An expert "must conduct a physical examination to form a meaningful opinion." Ali v. Wang Labs., Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995). And, it is difficult for the expert's opinion to carry substantial weight if is based only on second-hand information, as opposed to a personal examination. Bennett, 841 F. Supp. at 1157. Thus, understandably, a defendant's defense at trial may be severely prejudiced if he is not permitted to obtain the testimony of an expert who has personally examined the plaintiff. Id. Furthermore, in the present case, allowing Defendant's expert to conduct an IME may foster meaningful settlement negotiations, since the outcome of the IME will give the parties a better idea of the extent of Plaintiff's injuries. Accordingly, Defendant's Motion to Compel an Independent Medical Examination is **GRANTED**.

### 3. Motion for Extension of Time to Complete Discovery

Finally, Defendant has filed a Motion for Extension of Time to Complete Discovery. Because Defendant has shown good cause to extend the time of discovery, Defendant's Motion is hereby **GRANTED IN PART and DENIED IN PART**. Though Defendant requests an additional ninety days to conduct discovery, the Court finds that sixty days is more appropriate. If, at the end of the sixty day period, the parties find that additional time is required, they shall contact the Court. Accordingly, the parties shall have an additional **sixty (60) days** to conduct discovery.

### *CONCLUSION*

For the foregoing reasons, Defendant's Motion to File a Third-Party Complaint and Motion to Compel a Physical Examination are **GRANTED**. Defendant's Motion For Extension of Time to Complete Discovery is **GRANTED IN PART and DENIED IN PART**.

**SO ORDERED.** This 11th day of December, 2006

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT

AEG/ehe