# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| WESLEY WHITLEY, | : |
| Plaintiff | : |
| | : Civil Action No. 3:05-cv-82 (CAR) |
| v. | : |
| COMCAST OF GEORGIA, | : |
| Defendant | : |

### ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Partial Summary Judgment. [Doc. 32]. Though this motion, Defendant seeks summary judgment on Plaintiff's claim for lost earnings. For the reasons explained below, Defendant's motion is **DENIED**.

### BACKGROUND

Plaintiff Wesley Whitley ("Whitley") brings this action against Defendant Comcast of Georgia ("Comcast") to recover damages relating to injuries he suffered after a Comcast cable line hit the raised hood of his truck, causing the hood to slam down on his head and neck. In addition to medical expenses and pain and suffering, Whitley seeks to recover his lost earnings.

At the time of the accident, which occurred on September 12, 2004, Whitley was self-employed as a light remodelor and flooring contractor. Whitley began working for himself in mid-2003. Prior to 2003, he worked for Shaw Industries. The parties agree that between 2003 and September 12, 2004, Whitley's business was relatively new and he was in the process of building his client base. In fact, notwithstanding the accident, Whitley's earnings grew steadily between 2003, 2004, and 2005. His tax returns, for example, show that his 2005 earnings

1

exceeded his earnings in both 2003 and 2004.

In its Motion for Partial Summary Judgment, Comcast argues that Whitley's lost-earnings claim fails as a matter of law because "there is no evidence in the record that [Whitley] has suffered any measurable earnings loss as a result of the [accident]." (Def's Mot. Summ. J. 2). Comcast contends that because Whitley's tax records reflect a consistent increase in his earnings in the years following the accident, Whitley cannot show that he lost income as a result of the accident. According to Comcast, any argument by Whitley as to lost earnings would be speculative, and therefore foreclosed under Georgia law.

Whitley responds that his steady increase in income between 2003 and 2005 is not fatal to his lost-earnings claim. He argues that, in spite of the growth in his earnings, he was unable to work for a period of time following the accident, and lost income during that time.

## *SUMMARY JUDGMENT STANDARD*

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Not all factual disputes render summary judgment inappropriate, however; only a genuine issue of material fact will defeat a properly supported motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict. See id. at 249-52.

In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. See id. at 254-55; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323 (internal quotation marks omitted). If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Ultimately, summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing of an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

## *DISCUSSION*

Georgia law governs this diversity action. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 77 (1938). In Georgia, "recovery may be had for loss of profits [or earnings], provided their loss is the proximate result of the defendant's wrong and they can be shown with reasonable certainty." Gipson v. Phillips, 232 Ga. App. 235, 236, 501 S.E.2d 570, 572 (Ct. App. 1998); see

3

also Groover v. Dickey, 173 Ga. App. 73, 75, 325 S.E.2d 617, 620 (Ct. App. 1984). In such cases, the profits or earnings recoverable are "limited to probable, not possible benefits." Groover, 173 Ga. App. At 75, 325 S.E.2d at 620. In cases where the plaintiff is self-employed, a jury may "calculate the lost income or profits by showing the amount of time lost and the average value of such loss based on operations for a reasonable period immediately prior [to the incident at issue]." Kroger Co. v. Perpall, 105 Ga. App. 682, 686, 125 S.E.2d 511, 515 (Ct. App. 1962). Exact figures are not necessary, as long as the evidence permits the jury to determine the amount of the loss without speculation or guesswork. Moultrie Farm Cent., Inc. v. Sparkman, 171 Ga. App. 736, 740, 320 S.E.2d 863, 867-68 (Ct. App. 1984) (exact figures not necessary); Quiktrip Corp. v. Childs, 220 Ga. App. 463, 467, 469 S.E.2d 763, 768 (Ct. App. 1996) (amount must be determined without speculation or guesswork).

In this case, Whitley has provided tax records and earnings statements showing his income for the years prior to and following the accident. In addition, Whitley may testify at trial about his average earnings before and after the accident. Such evidence is sufficient to enable the jury to determine Whitley's lost wages with reasonable certainty. See Lee v. Thomason, 277 Ga. App. 573, 578, 627 S.E.2d 168, 173-74 (Ct. App. 2006) (plaintiff's testimony sufficient); Gipson, 232 Ga. App. at 236, 501 S.E.2d at 572 (same); Childs, 220 Ga. App at 467, 469 S.E.2d at 768 (plaintiff's testimony and tax records were sufficient to enable the jury to determine plaintiff's lost wages with reasonable certainty, even though plaintiff faced several lay-offs during the years preceding his accident).

The fact that Whitley's income increased during the years following the accident does not preclude him from pursuing a claim for lost earnings. Though the growth of his business

4

will make it more difficult for Whitley to prove his losses with reasonable certainty, it does not completely foreclose him from presenting evidence at trial on the issue. "Difficulty in proving definitely the value [of lost earnings] cannot relieve the wrongdoer of his obligation [to compensate a plaintiff for the injuries resulting from his wrongdoing]." Perpall, 105 Ga. App. at 686, 125 S.E.2d at 515; see also Summerfield v. DeCinque, 143 Ga. App. 351, 352, 238 S.E.2d 712, 714 (Ct. App. 1977) (same). "The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than the uncertainty as to the measure or extent of the damages." Summerfield, 143 Ga. App. at 352, 238 S.E.2d at 714.

Likewise, the fact that Whitley had been self-employed only for approximately one year at the time of the accident does not foreclose his lost earnings claim. Georgia law does not require proof of a plaintiff's earnings in the *years* prior to the accident; all that is required is proof of the plaintiff's earnings "for a *reasonable* period of time" immediately prior to the accident. S. Bell Tel. & Tel. Co. v. LaRoche, 173 Ga. App. 298, 299, 325 S.E.2d 908, 910 (Ct. App. 1985) (emphasis added) (internal quotation marks omitted). Thus, Whitley may still recover for lost earnings if he establishes "his average earnings for the *months* immediately prior to his injury." S. Bell Tel. & Tel. Co. v. LaRoche, 173 Ga. App. 298, 299, 325 S.E.2d 908, 910 (Ct. App. 1985) (emphasis added).

In sum, Whitley can recover his lost earnings to the extent that he can establish the amount lost to a reasonable certainty. Though Whitley's business was relatively new at the time of the accident, the difficulty in definitively establishing the value of his lost earnings does not preclude his claim as a matter of law. Whitley may offer proof of his income for the months

preceding the accident to establish the value of the time he lost. However, Whitley may not recover for any loss that is merely speculative. Thus, with respect to particular jobs he was unable to perform as a result of his injuries, Whitley must come forward with specific evidence, such as letters of commitment from customers, in order to recover for such a loss. Groover v. Dickey, 173 Ga. App. 73, 75, 325 S.E.2d 617, 620 (Ct. App. 1984).

### *CONCLUSION*

For the reasons stated above, Comcast's Motion for Partial Summary Judgment [Doc. 32] is **DENIED**.

**SO ORDERED**. This 7th day of March, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

AEG/jab