**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **WESLEY WHITLEY,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 3:05-cv-82 (CAR)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMCAST OF GEORGIA,** | : | |
| | : | |
| **Defendant/Third-Party Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FICOA COMMUNICATIONS, INC.,** | : | |
| | : | |
| **Third-Party Defendant.** | : | |

_____

### *ORDER ON PLAINTIFF'S MOTION TO AMEND*

Plaintiff Wesley Whitley ("Whitley") brings this action against Defendant Comcast of

Georgia ("Comcast") to recover damages relating to injuries he suffered as a result of an

accident involving a Comcast cable line. Whitley alleges that he was injured when a concrete

truck hit a utility pole, causing the Comcast cable line attached thereto to become severed and hit

the raised hood of his truck, on which he was performing repair work. The hood then slammed

down on the back of his head and neck, causing his injuries. In his complaint, Whitley alleges

that Comcast was negligent in installing and maintaining the cable line at a height lower than

required by law. Comcast, in turn, has impleaded FICOA Communications, Inc. ("FICOA"), a

sub-contractor which it believes installed the cable line.

Before the Court is Whitley's Motion to Amend. [Doc. 43]. Through this motion,

Whitley seeks to include allegations, which, if proven, may render Comcast liable to him for

FICOA's alleged negligent installation of the cable line. Whitley has attached a proposed "First Amendment to Complaint" to his motion. [Doc. 45-2]. For the reasons explained below, Whitley's motion is **GRANTED in part and DENIED in part**.

The Federal Rules of Civil Procedure govern the amendment of pleadings. In particular, Rule 15(a) provides that after an answer has been filed, a party may amend his pleading by leave of court and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The purpose of the rule is "to enable a party to assert matters that were overlooked or were unknown at the time [s]he interposed the original complaint." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1473. Thus, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co., 470 F.3d 1036, 1041 (11th Cir. 2006).

Yet, "[w]hile leave to amend should be freely granted when justice so requires. . . the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 71 (1st Cir. 2001) (cite omitted); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487. "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004). An amendment is futile when "the complaint as amended is still subject to dismissal." Id. However, "[i]f a proposed amendment is not *clearly futile*, then denial of leave to amend is improper." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (emphasis added).

In this case, Whitley seeks to amend his complaint to add allegations that Comcast is

vicariously liable for FICOA's negligent installation of the cable line. (Pl.'s Mot. to Am. 3.)
Under Georgia law, an employer generally is not vicariously liable for torts committed by an
independent contractor over which the employer retains no direction or control. See O.C.G.A. §
51-2-4 (West 2007); Sorrow v. Hadaway, 269 Ga. App. 446, 448, 604 S.E.2d 197-98 (Ct. App.
2004). However, there are several exceptions to this general rule, some of which are codified at
O.C.G.A. § 51-2-5. See Peachtree-Cain Co. v. McBee, 254 Ga. 91, 93-94 (1985) (noting that the
list of exceptions enumerated in O.C.G.A. § 51-2-5 is non-exclusive). Specifically, O.C.G.A. §
51-2-5 provides that an employer may be liable for the negligence of a contractor:

(1)     When the work is wrongful in itself or, if done in the ordinary manner,
        would result in a nuisance;
(2)     If, according to the employer's previous knowledge and experience, the
        work to be done is in its nature dangerous to others however carefully
        performed;
(3)     If the wrongful act is the violation of a duty imposed by express contract
        upon the employer;
(4)     If the wrongful act is the violation of a duty imposed by statute;
(5)     If the employer retains the right to direct or control the time and manner
        of executing the work or interferes and assumes control so as to create
        the relation of master and servant or so that an injury results which is
        traceable to his interference; or
(6)     If the employer ratifies the unauthorized wrong of the independent
        contractor.

In his Motion to Amend, Whitley focuses primarily on the first exception outlined in
O.C.G.A. § 51-2-5: "when the work . . ., if done in the ordinary manner, would result in a
nuisance." (Pl.'s Mot. to Am. 3). In an attempt to advance this theory, Whitley's proposed
"First Amendment to Complaint" [Doc. 45-2] alleges that the Comcast cable line, as installed at
its lower-than-acceptable height, amounted to a nuisance.

Whitley's nuisance allegations are misplaced, as they do not fit within the exception
explained in O.C.G.A. § 51-2-5(1). In particular, the exception requires that "the work . . ., *if*

3

*done in the ordinary manner*, would result in a nuisance." O.C.G.A. § 51-2-5(1) (emphasis

added). Whitley's nuisance allegations, as they appear in his proposed amendment, focus on the

improper installation of the cable line, rather than on whether the cable line, if installed

correctly, would pose a nuisance. Thus, the allegations do not support the theory under which,

according to his Motion to Amend, Whitley seeks to proceed.

Notwithstanding the foregoing, however, Whitley's proposed amendment is not entirely

futile. As Comcast concedes, "[d]evelopments in the factual background of th[e] case may

support a colorable claim that Comcast can be vicariously liable for FICOA's negligence."

(Def.'s Resp. Br. 4). Therefore, to the extent that Whitley, though his Motion to Amend, seeks

to add allegations of Comcast's vicarious liability, his motion is **GRANTED**. Accordingly,

Whitley is **ORDERED AND DIRECTED** to file a more definite statement of such claims with

the Court within **ten (10) days of the date of this order.**

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Amend [Doc. 43] is **GRANTED**

**in part and DENIED in part**. Specifically, Plaintiff's motion is **GRANTED** in that he may

amend his complaint to assert a claim of vicarious liability against Defendant Comcast, but

**DENIED** with respect to the allegations appearing in Plaintiff's proposed "First Amendment to

Complaint," attached to his Motion to Amend [Doc. 45-2]. Plaintiff is further **ORDERED AND**

**DIRECTED** to file a more definite statement of his claim that Comcast is vicariously liable for

FICOA's actions within **ten (10) days of the date of this order.**


**SO ORDERED**. This 9th day of April 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

AEG/ssh